IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JENNIFER ANN MCTIGUE, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, ET AL., <br><br> Defendants. | CIVIL NO. 14-00152 DKW-KSC <br><br> **ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

### ORDER DISMISSING COMPLAINT WITH PREJUDICE

### INTRODUCTION

On March 27, 2014, Plaintiff pro se Jennifer Ann McTigue filed a document entitled "In Admiralty, In Rem, Libel of Review, Involuntary Servitude and Peonage, All Property and Rights to Property," which the Court liberally construes as a Complaint.   Plaintiff's claims are barely discernible.   The Complaint lists over twenty defendants, including the United States, several federal agencies, attorneys employed by the United States Department of Justice, private attorneys, and several national banking institutions and their agents.   Upon *sua sponte* review, the Court DISMISSES the Complaint for failure to comply with

1

Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6). Because this action is wholly frivolous and Plaintiff does not state a claim against the federal government, its agents, or any other named party, this dismissal is with prejudice.

## STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court liberally construes her pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

Additionally, a complaint that is "obviously frivolous" and does not confer federal subject matter jurisdiction may be dismissed *sua sponte*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

The Court may also dismiss a complaint *sua sponte* for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim" (Fed. R. Civ. P. 8(a)(2)), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming

dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

## **DISCUSSION**

The Complaint, though far from clear, appears to assert that this Court, sitting in admiralty, has jurisdiction to order the defendants to return Plaintiff's real and personal property. Plaintiff does not clearly identify in any coherent or organized manner the separate causes of action that she is asserting, nor does she provide specific factual allegations to support her conclusions. Rather, her Complaint is largely comprised of long, unintelligible sentences containing mixed statements of law and fact, and numerous unrelated and unsubstantiated conclusions. Even applying the most liberal pleading standard, the Court cannot discern from the Complaint the conduct on which any claim is based, other than Plaintiff's vague grievances relating to the purported retention of her property by government agents.

Amid the otherwise unintelligible text, Plaintiff emphasizes words and phrases including, "fraud," "libel of review," "trespass," and "forfeiture;" includes references to "Real Property located at 69-555 Waikoloa Beach Drive # 1904, Waikoloa, Hawaii 96738," "Real Property located at 77-6469 Alii Drive, No. 230,

Kailua-Kona, Hawaii 96740," and "Real Property located at 78-7054 Kamehameha Road, # 404, Kailua-Kona, Hawaii 96740;" lists several funds and accounts apparently seized by the United States Department of Justice; and identifies "Property Garnished in the civil action under Hawaii District Court Case Number 13-1-2077-07."

> Under the heading "Cause of Action," Plaintiff states that:
>
> The Respondents/Libellants and their agents et al., have injured Petitioner/Libellee by instituting false complaints without approval of the Secretary of State in the US District Court Case Number CR 1400010HG,[1] State of Hawaii First Circuit Court Case Number 12-1-2077-07 and State of Hawaii First Circuit Court Case Number 13-1-3305-12.

Complaint at 16.   Plaintiff requests that defendants "return all property . . . , remove all liens of record . . . , and that said suits be removed and all charges dismissed along with the return of all property."   Complaint at 19.

Plaintiff's allegations are frivolous for several reasons.   First, all claims against the United States or the federal actors in their official capacities are barred by the doctrine of sovereign immunity.   It is well settled that "[t]he United

---

[1] The Court takes judicial notice of the filing of an Indictment against Plaintiff and two other individuals in Criminal No. 14-00010 HG.   *See* Fed. R. Evid. 201(b) (permitting court to take judicial notice of fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  The party who sues the United States bears the burden of proving an unequivocal waiver of sovereign immunity.  *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984).  Where the United States has not consented to a suit, dismissal of the action is required.  *See Balser v. Dep't of Justice, Office of U.S. Tr.,* 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice).

Second, all claims asserted against the Department of Justice attorneys in their individual capacities relating to the prosecution of Criminal No. 14-00010 HG are barred by the doctrine of absolute prosecutorial immunity.  *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, and suppressed material evidence at trial); *Genzler v. Longanbach*, 410 F.3d 630, 642 (9th Cir. 2005) (extending absolute immunity to supervisory defendants who allegedly knew that district attorneys had granted a witness immunity in exchange for perjured testimony favorable to the

prosecution); *Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001) (holding that prosecutors are entitled to absolute immunity for claims arising from their initiation of grand jury proceedings in order to obtain an indictment); *Ashelman v. Pope*, 793 F .2d 1072, 1078 (9th Cir. 1986) (holding that an alleged conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding does not pierce absolute prosecutorial immunity).

Third, to the extent Plaintiff's claims against the private attorneys and banking institutions are aimed at overturning state court orders that allegedly deprived her of property, those claims are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented.

Fourth, setting aside Plaintiff's meritless assertion of admiralty jurisdiction,[2] there is no other basis for this Court's jurisdiction. A complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

Finally, it appears to the Court that Plaintiff's Complaint was filed in an attempt to harass the many named defendants who are involved in the prosecution of the criminal matter or various other pending civil matters involving Plaintiff. The Court therefore DISMISSES the Complaint pursuant to Rule 8, Rule 12(b)(1), and Rule 12(b) as legally frivolous and failing to confer jurisdiction on this Court. *See Franklin*, 745 F.2d at 1227 n.6. Although the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

---

[2] "Admiralty jurisdiction exists only if the complained of incident occurred on navigable waters or is substantially related to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533 (1995). There is no allegation of any maritime activities, no allegation of any incident occurring on the navigable waters of the United States, and no suggestion that any maritime vessel is implicated. As such, the Court finds that Plaintiff's claims do not invoke this Court's admiralty jurisdiction.

dismissal of the action," *see Lucas*, 66 F.3d at 248, there is no amendment that can save this Complaint. Accordingly, this dismissal is without leave to amend.

## **CONCLUSION**

For the reasons stated above, the Court DISMISSES the Complaint with prejudice. The Office of the Clerk is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 31, 2014.



Derrick K. Watson
United States District Judge

---

Jennifer Ann McTigue v. United States of America, et al; CV 14-00152 DKW-KSC; ORDER DISMISSING COMPLAINT WITH PREJUDICE