IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JENNIFER ANN MCTIGUE,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>  Defendants. | CIVIL NO. 14-00152 DKW-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE A VOID JUDGMENT** |

**ORDER DENYING PLAINTIFF'S
MOTION TO VACATE A VOID JUDGMENT**

On March 27, 2014, Plaintiff pro se Jennifer Ann McTigue filed a document entitled "In Admiralty, In Rem, Libel of Review, Involuntary Servitude and Peonage, All Property and Rights to Property," which the Court liberally construed as a Complaint. Because the Complaint was frivolous and did not state a claim against the federal government, its agents, or any other named party, the Court dismissed the action with prejudice upon *sua sponte* review. Plaintiff now asks the Court to vacate its March 31, 2014 Order. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. Because the instant

1

"Motion to Vacate a Void Judgment" is as confusing as the initial "Libel of Review," and having offered no discernible reason why this Court should vacate or reconsider its March 31, 2014 Order, Plaintiff's motion is DENIED.

## STANDARD OF REVIEW

The Court liberally construes pro se Plaintiff's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Liberally construed, Plaintiff's motion asks the Court to reconsider its March 31, 2014 Order dismissing her Complaint with prejudice.

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

## DISCUSSION

Plaintiff asks the Court to "vacate" its prior order and seeks "recusal of this Court to a more seasoned Jurist." Motion at 2. The Court first addresses Plaintiff's request for reconsideration.

2

I.      **Reconsideration Is Not Warranted**

Although unclear, it appears that Plaintiff disagrees with the Court's rulings in the March 31, 2014 Order. However, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *White*, 424 F. Supp. 2d at 1274 (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)).

Plaintiff claims, *inter alia*, that this Court erred in dismissing her claims based on the lack of subject matter jurisdiction. According to Plaintiff, the "Court erred in dismissing the Libel of Review stating that the matter was not reviewable in the forum known as 'in Admiralty.'" Mem. in Supp. at 2. She further asserts that the "Court's inability to distinguish between a 'Libel of Review' and a 'Complaint' may be better suited to a more competent jurist." *Id.* at 8. Plaintiff insists that "a Libel of Review is NOT a suit." *Id.* at 7. Despite Plaintiff's contentions, both the original "Libel of Review" and the instant motion fail to set forth facts that plausibly establish this Court's subject matter jurisdiction. An initiating party must establish this Court's subject matter jurisdiction, whatever the label she chooses to attach to her filings.

Plaintiff maintains that "this is an admiralty/maritime cause of action within the meaning of the Federal Rules of Civil Procedure 9(h) and Supplemental Rules of Admiralty, Rule G." Mem. in Supp. at 3. The Court again informs

Plaintiff that her bare allegation of admiralty jurisdiction is wholly without merit. "Admiralty jurisdiction exists only if the complained of incident occurred on navigable waters or is substantially related to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533 (1995). Plaintiff makes no allegation relating to any maritime activities, any incident occurring on the navigable waters of the United States, or any maritime vessel. *See United States v. Webb*, 2008 WL 1912439, at *4 (D. Haw. Apr. 30, 2008) ("It is plain from the nature of the two cases against Plaintiff and from his Claims themselves that this action relates to the federal government's assessment and collection of taxes. There is no allegation of any maritime activities, no allegation of any incident occurring on the navigable waters of the United States, and no suggestion that any maritime vessel is implicated. As such, the Court finds that Plaintiff's Claims do not invoke this Court's admiralty jurisdiction.").

Because the motion does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision," Plaintiff's reconsideration request is DENIED. *White*, 424 F. Supp. 2d at 1274.

## II. Recusal Is Not Warranted

Although Plaintiff does not specify the authority under which she seeks "recusal of this Court to a more seasoned Jurist," the Court liberally construes the

motion as brought pursuant to 28 U.S.C. § 455.

As provided in 28 U.S.C. § 455:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party[.]

The substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted).

Here, Plaintiff offers no explanation for her recusal request. Presumably, she seeks recusal on the basis of an unfavorable ruling. As noted above, a judge should disqualify him or herself in any proceeding in which his or her impartiality might reasonably be questioned. On the other hand, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969); *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923,

929-30 (2d Cir. 1980)); *see also Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Accordingly, Plaintiff's request for recusal is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Vacate a Void Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 9, 2014.

Derrick K. Watson
United States District Judge

---

Jennifer Ann McTigue v. USA, et al.; Civil No. 14-00152 DKW-KSC; ORDER DENYING PLAINTIFF'S MOTION TO VACATE A VOID JUDGMENT